## Edward A. Fosler et al. v. Susan C. Miller et al.

### Gen. No. 4,740.

1. REFORMATION—*what proof essential upon ground of mutual mistake.* Where it is sought to reform a written instrument upon the ground of a mere mistake, the fact of the mistake must be proven by clear and satisfactory evidence.

Bill in equity. Appeal from the Circuit Court of Carroll county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. · Opinion filed March 13, 1907.

J. L. BREARTON, for appellants.

ARTHUR J. GRAY, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellants by their bill in equity seek to reform a certain deed of conveyance executed by them, and also pray for an injunction restraining the grantee in said deed from prosecuting a suit at law for damages for a breach of covenant in the deed.

The deed in question was executed January 21, 1904, by appellants, Edward A. Fosler and Edith E. Fosler, his wife, and purported to convey to appellee, Susan C. Miller, a lot in the city of Savanna described as lot seven in block two in Hershey and Bowen's addition. Said lot seven actually had a frontage of sixty feet, but Fosler, the grantor at the time of making the conveyance, owned only the east forty-five feet of the lot, and had never owned any other part thereof.

The bill alleges that there was a mutual mistake as to the description of the property sold, and that· it was the intention of the parties to the deed to convey and receive not the entire lot but only the east forty-five feet thereof. The answer denies any mistake and alleges that Fosler represented that he owned the entire lot with a frontage of sixty feet.

The evidence shows that appellee, Susan C. Miller,

wanted to buy a house and lot, and that one Nickles, a real estate agent, was endeavoring to sell property to her and she was anxious to buy as she was living in rented property and had to move. After Nickles described the "Fosler property" to Mrs. Miller she expressed an inclination to buy if she could get it right. She being sick and Nickles telling her the property was about to be rented by Fosler, sent her daughter and son-in-law to examine it. She says both Nickles and Fosler told her it was a sixty-foot lot, and her daughter and son-in-law testify to similar statements, which, however, are denied by Nickles and Fosler. The terms proving satisfactory, Nickles consummated a sale to her for $2,600 and prepared the deed and also a mortgage from Mrs. Miller to Fosler securing the unpaid part of the purchase money. These papers were delivered in Nickles' office and both the deed and the mortgage described the premises conveyed as lot seven.

The testimony is irreconcilable upon the question whether there was a mutual mistake in the minds of the parties regarding the size of the lot owned by Fosler and the amount of frontage he was selling to Mrs. Miller. The case was heard before the court, and the trial judge, with full opportunity to hear and observe the witnesses, found the issues for the defendant, dismissed the bill for want of equity, and dissolved the temporary injunction which restrained the suit at law. The complainants appeal.

The rule is firmly established that where it is sought to reform a written instrument upon the ground of a mere mistake, the fact of the mistake must be proven by clear and satisfactory evidence. Schwass v. Hershey, 125 Ill. 653; Hunter v. Bilyeu, 30 Ill. 228. "A mere preponderance in favor of the complaining party is not sufficient to set aside the common law rule. Unless the testimony establishes the alleged facts so clearly as to leave no doubt in the mind of the court

as to their actual existence the written instrument will not be set aside." Smith v. Rust, 112 Ill. App. 84.

The record here does not disclose such a clear and convincing case for the complainants. The most that can be said of the testimony is that it is very conflicting and contradictory. Appellants' brief emphasizes this state of the evidence by declaring: "Either complainants are right in this case and the defendants are wrong; or the defendants are right and the complainants are wrong. There is no common ground on which to reconcile their testimony." Further it is doubtful whether the testimony even preponderates in favor of appellants. There is quite as much, if not more evidence, to indicate that Mrs. Miller understood that she was buying a sixty-foot lot, as there is to the contrary. The learned circuit judge properly applied the law to the facts and dismissed the bill.

Appellants sought a rehearing in the court below, basing the application upon affidavits of newly discovered evidence. This new evidence was cumulative in its nature and not conclusive in its effect. If received it might have strengthened appellants' case, but it would not have established it to the extent required by the rule above stated. The rehearing was properly refused, and the decree of the Circuit Court is affirmed.

*Affirmed.*